**23-1509**

# United States Court of Appeals
*for the*
# Fourth Circuit

JASON GOODMAN,

*Defendant-Appellant,*

– v. –

KATHY STEELE, Administrator of the Estate of Robert David Steele,
and EARTH INTELLIGENCE NETWORK,

*Plaintiffs-Appellees.*

INTERLOCUTORY APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

# RESPONSE IN OPPOSITION TO PLAINTIFFS-APPELLESS MOTION TO DISMISS APPEAL

Jason Goodman
252 7th Avenue #6s
New York, NY 10001
347-380-6998
truth@crowdsourcethetruth.org
*pro se Defendant-Appellant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTORY STATEMENT**

To the best of Goodman's understanding, plaintiffs-appellees claim this appeal is frivolous because the District Court made an error by transferring jurisdiction to the Appellate Court and because Goodman made an error by filing too late and refusing to pay the filing fee. Goodman disagrees with each of these conclusions for the reasons set forth in this response.

Even if the Court determines that Goodman has made some procedural error, this appeal is not frivolous, and plaintiffs-appellees have provided insufficient grounds to dismiss it. Goodman is a pro se litigant with virtually no experience in Appellate Court. Goodman's intent was to appeal the District Court's decisions which he alleges were made in contradiction to Virginia law and IRS Code. The District Court determined the appeal should proceed and reiterated that when it canceled the pretrial hearing, (*See* 3:21-cv-00573-JAG ECF No. 94).

Goodman alleges the District Court acted ultra vires when it appointed a family member executor to the board of directors of a non-profit public charity that had no other board members due to defective corporate governance. Goodman further alleges the District Court acted ultra vires when it allowed the same executor to continue defamation claims on behalf of the deceased relative. Neither the District Court, nor the plaintiffs-appellees have cited any ruling or law that contradicts Goodman's well founded claims, they have merely ignored them in a rush to proceed.

**ARGUMENT**

**The District Court Acted Ultra Vires**

On November 16, 2021, the District Court acted within its discretion by allowing Kathy Steele ("Steele") executor of the estate of Robert David Steele, ("RDS") to substitute as plaintiff for him upon his death. At that time, in addition to defamation and conspiracy, the District Court

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 1

was considering a property claim concerning alleged improper use of likeness which the estate had a right to defend.  The District Court then proceeded ultra vires however, when it appointed Steele as a director, receiver, or surrogate for the vacant board of directors and allowed her to act unilaterally on behalf of the improperly organized, facially defective, tax-exempt public charity, plaintiff-appellee Earth Intelligence Network ("EIN").  EIN was not property of RDS and is not owned by his estate.  The District Court appointed Steele as board chair of a public charity despite her failure to meet the legal requirements to fill the role pursuant to EIN's by-laws, articles of incorporation, and the Virginia Nonstock Corporations Act.  Even if the Appellate Court agrees that the District Court had the authority to appoint a receiver or surrogate to EIN's board, that person must be qualified to serve as a board director in accordance with the laws by which EIN is organized.  Without a board of directors, EIN cannot legally operate as a Virginia Nonstock Corporation or maintain standing as plaintiff pursuant to FRCP Rule 17(b)(2).

### Defamation Claims Cannot Survive the Death of the Claimant

The District Court has not refuted the fact that in Virginia an essential element of any defamation claim is that the claimant must be a living person.  All other facts are rendered immaterial in Virginia courts when defamation claims concern a deceased party.  The District Court offered no explanation for its disagreement with this and did not cite any other case where heirs of a deceased party were allowed to continue a defamation claim as Steele has in this case.

("[T]he law of defamation historically has protected a basic [*38] interest.  The individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation." (citing Fuller v. Edwards, 180 Va. 191, 22 S.E.2d 26, 29 (Va. 1942))); Restatement (Second) of Torts § 560 cmt. a (Am. Law Inst. 2019) (noting that there generally exists no cause

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 2

of action for defamation of a decedent's reputation, because defamation involves an interest in one's reputation that is personal); id. § 652C cmt. a (noting that the "interest protected by the [cause of action for the misappropriation of one's name or likeness] is the interest of the individual in the exclusive use of his own identity . . . in so far as the use may be of benefit to him or to others" and likening that interest to a property right).

Williams v. Microbilt Corp., No. 3:19cv085 (REP), 2019 U.S. Dist. LEXIS 227601, at *37-38 (E.D. Va. Sep. 23, 2019)

The Fourth Circuit has additionally determined that, "In Maryland, a claim for slander cannot be maintained against the estate of a decedent if the claim arose before the decedent's death. See Md. Code Ann., Estates and Trusts, § 8-103(b) (Michie 1991 & Supp. 1999)."

Carroll v. City of Westminster, 233 F.3d 208, 212 (4th Cir. 2000)

The District Court did not deny the relevance or accuracy of these citations, it merely ignored them. The Court failed to cite any case in which a deceased party, their family members, executors, or heirs succeeded as defamation plaintiffs or succeeded in continuing defamation claims after the allegedly defamed party's death. Further, the Fourth Circuit has clearly decided this precise question already and the District Court has not cited a superseding decision.

The Fourth Circuit has upheld that defamation claims are only cognizable when they pertain to living parties. The District Court proceeded otherwise, citing no law or precedent, creating substantial ground for difference of opinion. The Fourth Circuit should decide if the appointment of Steele to EIN's board was within the District Court's authority or Virginia law, and if dismissal of plaintiffs-appellees' property claims should have ended the case because plaintiffs-appellees lack standing with regard to the remaining defamation and related claims.

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Fourth Circuit has already decided in Carroll v City of Westminster that heirs or executors may not continue defamation cases for deceased parties (*See* 3:21-cv-00573-JAG ECF No. 87 page 2 line 20).  Despite this and without any relevant citation or further explanation, the District Court allowed plaintiffs-appellees to proceed.  The Fourth Circuit must determine if the District Court acted ultra vires when it construed a defamation claim maintained by an executor of a deceased party as cognizable and sufficient to continue pursuant to Virginia law.  The Fourth Circuit must also determine if the Court acted ultra vires by appointing a legally disqualified director as the receiver or surrogate to the non-existent board of directors of EIN.

### The Appeal is Not Frivolous or Improper

In their motion, plaintiffs-appellees allege that the "frivolous and improper nature of Goodman's appeal I *(sic)* further demonstrated by his refusal to pay the filing fee."  This facially absurd conclusion is false.  Goodman received notice via pacer.uscourts.gov on May 9, 2023 that the District Court case had been transmitted to the Fourth Circuit Court of Appeals (*See* 3:21-cv-00573-JAG ECF No. 93).  After failing to locate an appellate case, on or around May 9, 2023, Goodman called the Fourth Circuit Court of Appeals to inquire with the clerks as to how he could locate the new case.  The clerks informed Goodman that it had been transmitted to the Appellate Court, but not yet entered on their docket.  They further informed Goodman he would receive a USPS letter with payment instructions that would allow online payment of the filing fee.  Before receiving any other information from the Court, on May 10, 2023, Goodman received an email from counsel for plaintiffs-appellees including the motion to dismiss (ECF No. 5).  Goodman has subsequently located this case on the Appellate Court's docket and sent payment to the District Court on May 16, 2023. **(EXHIBIT A)**

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING JUDGMENT - 4

## CONCLUSION

Even if the Appellate Court determines Goodman's appeal is somehow procedurally defective, it was not frivolously filed, and Goodman should be given reasonable opportunity to cure any potential defects that might allow it to proceed on its merits. Goodman's intent was to appeal decisions of the District Court that appear contrary to existing law and precedent. The District Court ordered the transfer of jurisdiction to the Fourth Circuit for appellate review and confirmed that decision. Plaintiffs-appellees disagree with the District Court but have failed to prove the appeal to be frivolous. This appeal was filed in good faith and with good reason. This appeal was not filed frivolously and should not be dismissed. Goodman respectfully requests the Appellate Court deny plaintiffs-appellees' motion to dismiss and allow this well-founded appeal to move forward and be decided on its merits, or otherwise dismiss this matter for the reasons stated herein or for any other reasons as determined by the Appellate Court.

Signed this 16th day of May 2023

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION SEEKING LEAVE TO FILE INTERLOCUTORY APPEAL AND TO STAY
PROCEEDINGS PENDING JUDGMENT - 5

**(EXHIBIT A)**

DUE DATE: June 9, 2023

TO: Jason  Goodman

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501, Richmond, Virginia 23219

May 10, 2023

---

INITIAL FEE NOTICE IN
CIVIL, HABEAS & 2255 CASES

---

No. 23-1509,    Kathy Steele v. Jason Goodman
3:21-cv-00573-JAG

**DUE DATE: June 9, 2023**

TO: Jason  Goodman

According to the district court docket, the filing fee of **$505** for this appeal has not been paid to the district court and you have not been granted leave to proceed in forma pauperis by the district court. Unless you have paid the filing fee to the Clerk, U.S. District Court, or been granted leave to proceed in forma pauperis by the district court by the due date shown above, you must file an **IFP-Application to proceed in forma pauperis** with the court of appeals by the due date shown. Failure to comply will cause this court to initiate the process set forth in Local Rule 45 to dismiss the appeal for failure to pro

If the appellant does not wish to proceed
pursuant to Rule 42(b) of the Federal Ru
the form provided for that purpose.

Emily Borneisen, Deputy Clerk
804-916-2704

Jason Goodman
252 7th Avenue Apt 6s
New York NY 10001

Fernando Galindo
US District Court Eastern District of Virgina
701 East Broad Street
Richmond VA 23219

JASON D GOODMAN
252 7TH AVE 8S
NEW YORK, NY 10001

05-03    148

DATE 5/16/2023

PAY TO THE
ORDER OF  U.S. District Court    $505 00/
Five hundred five dollar and no Cent    DOLLARS

MEMO 3-21-cv-00573-JAG